NORTH CAROLINA              IN THE GENERAL COURT OF JUSTICE
                                       DISTRICT COURT DIVISION
ORANGE COUNTY                         14 CVD _____

FILED 2014 SEP 29 PM 2:22 ORANGE CO., C.S.C.

STATE FARM FIRE AND CASUALTY
COMPANY, as Subrogee of ANDREW
WHARTON,

                                                                COMPLAINT

             Plaintiff,

             v.

BSH HOME APPLIANCES
CORPORATION,

             Defendant.

       Plaintiff State Farm Fire and Casualty Company ("State Farm"), as subrogee of Andrew Wharton, complaining of Defendant BSH Home Appliances Corporation ("BSH"), alleges and says:

1.     State Farm is an insurance company authorized to do business in the State of North Carolina and doing business in Orange County, and provided homeowner's insurance coverage to the Andrew Wharton at all times relevant to this Complaint.

2.     Upon information and belief, Defendant BSH is a foreign corporation registered to do business in North Carolina as a designer, manufacturer, distributor, and seller of home appliances, having a principal place of business in Irvine, California.

3.     At all times relevant to this Complaint, Defendant BSH designed, manufactured, distributed, and/or sold dishwashers under the brand name Bosch.

4.     In or about the year 2006, Plaintiff's insured purchased a home located at 900 Davidson Street, Raleigh, North Carolina, which home contained a Bosch dishwasher designed, manufactured, distributed, and/or sold by Defendant BSH, model number SHX46B06UC/14 and serial number FD8408 00009.

5.     The dishwasher was manufactured and put into the stream of commerce by Defendant in 2004, and installed in Plaintiff's insured's home in the same year. This Complaint therefore complies with all statutes of limitation and repose.

6.     On or about February 16, 2013, the above-referenced dishwasher suddenly and unexpectedly leaked water, causing water and steam to flood into the Wharton home.

The dishwasher malfunction caused extensive water and steam damage to the Wharton property, including but not limited to, damage to the hardwood floors, floor coverings, cabinets, ceilings, walls, appliances, and personal property within home.

7. Upon information and belief, this leakage was caused by Defendant's defective design and/or manufacture of the Bosch dishwasher, which failed to turn off, continuously cycled for an extended period of time, and allowed very large quantities of water and steam to escape from behind its door and into Plaintiff's insured's home.

### First Cause of Action--Negligence

8. Plaintiff repeats and realleges the allegations in paragraphs 1-7 inclusive.

9. As the manufacturer and/or distributor of the Bosch dishwasher, Defendant BSH owed a duty to test and examine the Bosch dishwashers, including that installed in the Wharton home, to make certain that the design and manufacture met minimum standards of durability and reliability, and to make certain that such dishwashers would not suddenly and unexpectedly begin to leak water and steam at a rapid rate. Defendant BSH breached that duty when it negligently and carelessly:

   a. Manufactured defective dishwashers, including the dishwasher installed in the Wharton home;

   b. Used substandard materials and components in the manufacture of the dishwasher;

   c. Failed to adequately design, test, and examine the dishwashers, and failed to ensure that the design and manufacture met minimum standards of durability, safety, and reliability to make certain that the dishwashers would not leak in ordinary use and under ordinary conditions;

   d. Failed to adequately test and examine the components of its dishwashers, and failed to ensure that the design and manufacture met minimum standards of durability, safety, and reliability to make certain that the components would not cause leaks in ordinary use and under ordinary conditions;

   e. Manufactured, designed, sold, and/or distributed a product which Defendant BSH knew or should have known was not fit for its intended use;

   f. Put into the stream of commerce a product that Defendant BSH knew or with the ordinary exercise of care should have known was likely to cause leaks; and

   g. In such other and further ways as shall be proven at trial.

10. As a direct and proximate result of Defendant BSH's failure to adequately test and examine the dishwashers it manufactured, designed, distributed, and/or sold, Plaintiff's insured sustained severe damage to his personal and real property.

### Second Cause of Action—Breach of Express and Implied Warranties

11. Plaintiff repeats and realleges the allegations in paragraphs 1-10 inclusive.

12. Defendant BSH breached its express warranties to Plaintiff's insured in that BSH dishwashers were warranted not to suddenly leak water at a rapid rate when used under normal conditions, usage, and applications.

13. Defendant BSH breached implied warranties of merchantability and fitness for a particular purpose in that the BSH dishwasher installed in the Wharton home was defective and not fit for the ordinary purposes for which such dishwashers are used, nor was it fit for the particular purpose of installation in the Wharton home, in that when used for the ordinary purposes for which such dishwashers are used, and in particular when installed and used in the Wharton home, such dishwashers were likely to suddenly and unexpectedly leak water and steam at a rapid rate.

14. As a direct and proximate result of Defendant BSH's breach of express and implied warranties, Plaintiff's insured suffered severe damage to his real and personal property.

15. As a direct and proximate result of Defendant's negligence and/or breach of express and/or implied warranties, State Farm incurred damages in the amount of $105,197.32, in that as a homeowner's insurer, State Farm owed a duty to reimburse its insured for property damage, loss of use, repair expenses, and related damages caused by Defendant's conduct.

16. As a consequence of Defendant's wrongful and negligent conduct, and to compensate its insured for the damages caused by Defendant's wrongful and negligent conduct, State Farm caused to be issued payments in the amount of $105,197.32 to and on behalf of its insured for the losses referenced above.

17. As a homeowner's insurer, State Farm is entitled to recover its damages in subrogation from Defendant.

WHEREFORE, State Farm respectfully prays this honorable Court:

1. For judgment against Defendant in the amount of $105,197.32;

2. For all interest and costs as are permitted by law; and

3.   For such other and further relief as this Court may deem just and proper.

This the 29 day of _____Sept._____, 2014.

*signature*

Stephen R. Paul
*Attorney for Plaintiff*
P. O. Box 16099
Chapel Hill NC  27516-6099
(919) 933-5151